GERALDINE F. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 9056-76.
United States Tax Court
T.C. Memo 1979-486; 1979 Tax Ct. Memo LEXIS 40; 39 T.C.M. (CCH) 630; T.C.M. (RIA) 79486; December 5, 1979, Filed *40 Petitioner was employed as a choreographer. Held, petitioner was entitled to a sec. 162-5, Income Tax Regs. education expense deduction. Held further,sec. 165(c)(3), I.R.C. 1954 casualty loss determined. Geraldine F. Johnson, pro se. Bryan R. Sullivan, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on June 30, 1976, issued a statutory notice to petitioner in which he determined a deficiency in Federal income tax for her taxable year u974 in the amount of $1,658.37. After concessions by both parties the remaining issues before us are: (1) whether petitioner suffered deductible casualty losses under section 165(a) and (c), I.R.C. 1954, during the taxable year 1974, and (2) whether petitioner is entitled to a deduction for educational expenses under section 162(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. [1]
*42 Geraldine F. Johnson (petitioner) resided in Chicago, Illinois at the time she filed her petition herein. Petitioner timely filed her income tax return for 1974 with the Internal Revenue Service Center, Kansas City, Missouri. During the taxable year 1974 petitioner was employed as a school principal. Petitioner received two W-2 forms from the Board of Education. One form reflected income of $24,947.92 and the other $1,597.50. Neither W-2 stated what services were performed for the remuneration. On her return for 1974 petitioner claimed an educational expense deduction in the total amount of $1,259.95, which was comprised of items designated by her as education loan payment ($84.95), educational expenses ( $75), and educational study, Paris, France ($1,100). Petitioner also claimed a casualty loss of $443 which, based on figures reported by petitioner for loss before insurance reimbursement ($1,103), insurance reimbursement ( $550) and section 165(c) exclusion ( $100), should have been $453. Respondent has increased the loss figure to that amount. The casualty loss claimed is based upon petitioner's loss of a fur coat and the payment of $159 to a Cadillac company for repairing *43 body damage to her automobile. During 1972 petitioner purchased a fur coat for $750 from Marmor Interiors. In December 1974, Marmor Interiors, or its carrier, lost the coat. The fair market value of the coat at the time it was lost was between $700 and $750. Marmor Interiors gave petitioner a new coat with a fair market value of $1,000 in return for petitioner's payment of $262.50 and waiver of any reimbursement claim relative to the lost coat. In the summer of 1974 petitioner traveled to Paris, France for the primary purpose of furthering the development of her choreography and stage experience. During her stay in Paris petitioner studied at the Paris-American Academy, attended performances and rehearsed for a cultural performance at the Salle Pleyel in Paris. Petitioner claims her total education expenses for the Paris trip are as follows: Air travel $ 329.00
Hotel and meals
645.73
Transportation
70.00
Tuition and tickets
100.00
$1,144.73 Of this amount petitioner kept records of only the air travel ( $329) and hotel and meal expenses ($645.73). In August, 1978 petitioner sent respondent a letter in which she contended, among other things, that *44 she was a teacher at the Sammy Dyer School of the Theater, and that the Paris trip was undertaken to maintain her skills in that capacity. In December, 1978 respondent sent petitioner a letter in which he noted, among other things, that the Internal Revenue Code allows deductions for all ordinary and necessary business expenses incurred in a tax year in carrying on a trade or business, and questioned whether the claimed Paris expenses were so incurred in view of the fact that petitioner reported no income on her 1974 return from her activities as a teacher at the Sammy Dyer School of the Theater. In response to respondent's letter petitioner informed respondent that the total educational expense deduction reported on her return for 1974 ($1,259.95) related to income she earned from the Board of Education for the All-City High School Theatrical Troupe. OPINION The first issue for our determination is to what extent, if any, is petitioner entitled to a casualty loss deduction as a result of the loss of her fur coat and repair of her automobile. Under section 165(a), I.R.C. 1954, a deduction is ordinarily allowed for any loss sustained by a taxpayer which is not compensated *45 for by insurance or otherwise. Both parties conceded that the losses by petitioner are of a type permitted to be deducted by an individual taxpayer under section 165(c)(3). The only dispute is to the amount deductible. The amount deductible under section 165(a) is limited to the lesser of the affair market value of the property immediately before the loss or the adjusted basis of the property (in this case petitioner's cost) at the time of the loss. Further, a loss claimed under section 165(c)(3) is limited by a $100 exclusion applicable to each casualty for which a deduction is allowable. As to the fur coat respondent argues that, after taking into consideration petitioner's reimbursement, her net loss is less than the $100 exclusion and therefore no deductible loss has been suffered. With respect to the automobile repair respondent's position is that petitioner's deductible loss is $59 ( $159 less the $100 exclusion). We agree with respondent. It is undisputed that petitioner's adjusted basis or cost of the coat was $750 and that the fair market value thereof was equal to or greater than that amount. Therefore, petitioner's maximum deductible loss is $750 less any reimbursement *46 received and the $100 exclusion. Petitioner received a new fur coat from Marmor Interiors with a fair market value of $1,000 in exchange for her waiver of the right to reimbursement for the loss and her payment of $262.50. Petitioner's reimbursement is $737.50--the difference between the fair market value of the new coat ($1,000) and her payment ($262.50). Taking petitioner's basis for loss of $750 less the $737.50 she was reimbursed leaves her with a net loss of $12.50. As the net loss does not exceed the $100 exclusion, petitioner has suffered no deductible loss with respect to the coat. Petitioner paid $159 to repair body damage to her automobile. After applying the $100 exclusion petitioner is entitled to a casualty loss deduction under section 165(a) in the amount of $59. The second issue is whether petitioner is entitled to a deduction of certain so-called educational expenses under section 165(a). The "educational expenses" claimed by petitioner consist of three items: (1) a trip to Paris in which she studied choreography and dance ($1,144.73); (2) an educational loan payment ($84.95); and (3) educational expenses ( $75). Section 162(a) allows a deduction for all *47 ordinary and necessary business expenses paid or incurred in carrying on a trade or business. Educational expenses are allowed as a business expense if the education maintains or improves skills required by the individual in her employment or other trade or business. Section 1.162-5(a)(1), Income Tax Regs.
Petitioner failed to present any evidence, testimonial or documentary, to establish the fact of payment or the business purpose of the $84.95 loan payment or the $75 "education expense". The burden of proof is on petitioner to overcome respondent's determination. Welch v. Helvering,290 U.S. 111 (1933). Accordingly, petitioner is not entitled to deduct the foregoing amounts.
The remaining business expense is the trip to Paris. Respondent contends that petitioner has failed to establish that she was in the trade or business of teaching or choreographing dance during 1974. Respondent concedes that, if petitioner were employed as a choreographer during 1974, the primary purpose of the Paris trip was to maintain her skills as such.
Petitioner argues that, in addition to her primary employment as a school principal, she was employed by the Chicago Board of Education *48 as a choreographer for the All-City High School Theatrical Troupe. Petitioner has the burden of proving that she was in the trade or business of being a choreographer. Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner's carrying of that burden is just barely perceptible. However, based upon petitioner's testimony and receipt of W-2 forms, we find that she was in fact employed as a choreographer and a school principal by the Chicago Board of Education. Petitioner testified that she was paid approximately $22,000 per year as a school principal and about $4,000 over a two-year period for her work with the theatrical troupe. This testimony is supported, in part, by her two W-2 forms which show income of $24,947.92 and $1,597.50. While neither W-2 form specifies the services performed to earn the stated salary, we find petitioner's explanation thereof to be sufficiently credible. Notwithstanding that petitioner was employed as a choreographer, she must substantiate the amount and business purpose of the Paris trip expenses by producing adequate records or sufficient evidence corroborating her testimony. See section 274(d). Petitioner has substantiated only *49 Paris expense items relating to her travel thereto ( $329) and her hotel and meal expenses at the Paris Hilton Hotel ($645.73). With respect to the tuition and ticket expenses ( $100) and transportation expenses ( $70) petitioner has failed to present any evidence. Accordingly, petitioner is entitled to a section 162(a) educational business expense deduction in the amount of $974.73. To reflect our decision and concessions set out in the stipulation of issues, Decision will be entered under Rule 155.
Footnotes
1. Attached to petitioner's brief and supplemental brief were exhibits which were not properly introduced into the record. Accordingly, the evidence presented in these exhibits has not been considered by the Court in making findings of fact or in the decision rendered.↩